UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br><br>                Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>and<br><br>UNITED STATES DEPARTMENT OF COMMERCE<br><br>                Defendants. | Civil Action No. 26-cv-222-JEB |

## JOINT STATUS REPORT

Plaintiff Public Citizen and Defendants U.S. Department of Health and Human Services ("HHS"), and United States Department of Commerce ("DOC"), through counsel, respectfully submit this Joint Status Report pursuant to the Court's March 3, 2026, Order.

1.      As previously reported, this is a Freedom of Information Act ("FOIA") case. Plaintiff filed its complaint on January 27, 2026, and Defendants timely answered on March 2, 2026.  The case concerns four FOIA requests that Plaintiff submitted to HHS and DOC.

2.      Plaintiff submitted the first two requests to HHS and DOC on October 21, 2025. Plaintiff's first two requests sought records concerning any agreements that HHS and DOC entered into with the pharmaceutical company Pfizer relating to "Most-Favored-Nation" (MFN) status for prescription drug pricing.

3.      Plaintiff submitted the latter two requests to HHS and DOC on November 9, 2025. Plaintiff's latter two requests sought records concerning any agreements that HHS and DOC

entered into with the pharmaceutical company Eli Lilly relating to "Most-Favored-Nation" (MFN) status for prescription drug pricing.

**Defendants' Position**

4.     Defendant HHS reports that it has started the search for potentially responsive records. HHS will provide an update to Plaintiff on the results of the search and as applicable, on the number of potentially responsive records by the next JSR.

5.     Defendant DOC reports that it has begun the search for potentially responsive records and has located one potentially responsive record for each request, each consisting of two pages.  DOC is continuing to search for other possible responsive records.

6.     As stated above in Paragraph 4, Defendant HHS has not yet completed its search or identified the number of potentially responsive records and therefore has not been in a position to complete its responsiveness review.

7.     DOC anticipates providing an initial response on or around May 15, 2026, and will provide subsequent responses should it uncover additional responsive records.

8.     In light of the case's current posture, Defendants believe that it is too early to know whether it will be necessary for Defendants to prepare a *Vaughn* index or to brief dispositive motions.

9.     Defendants propose filing an additional Joint Status Report by May 15, 2026, to update the Court on the status of Plaintiff's FOIA Request, the anticipated number of documents responsive to that request, as applicable, the anticipated dates for release of those documents, and if appropriate, any next proposed steps in the litigation.

**Plaintiff's Position**

10.     Plaintiff proposes that the Court order Defendants to complete their searches by March 30, 2026, and further order that the Parties file a joint status report by April 6, 2026, setting forth a production schedule or proposing competing production schedules.

11.     FOIA "strongly favors prompt disclosure," *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003), and FOIA's statutory goals "can be frustrated by agency actions that operate to delay the ultimate resolution of the disclosure request," *Senate of the Commonwealth of Puerto Rico v. DOJ*, 823 F.2d 574, 580 (D.C. Cir. 1987). Yet Defendants propose that they receive nearly two months of additional time to perform searches that they were required by statute to complete within 20 business days of when Plaintiff first submitted its requests. *See* 5 U.S.C. § 552(a)(6)(A)(i).

12.     Defendants' continued neglect of its statutory duties cannot justify the prejudice Plaintiff will suffer from further delaying access to the records. The D.C. Circuit has recognized that "stale information is of little value" and "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (internal quotation marks omitted); *see Washington Post v. DHS*, 459 F. Supp. 2d 61, 74 (D.D.C. 2006) ("FOIA was created to foster public awareness, and failure to process FOIA requests in a timely fashion is 'tantamount to denial.'") (quoting H.R. Rep. No. 93–876, at 6 (1974)); *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 38 (D.D.C. Feb. 16, 2006) ("[C]ourts have the authority, and perhaps the obligation, to scrutinize closely agency delay."). Prompt access to the records Plaintiff seeks is particularly important because the records relate to ongoing public debate regarding the government's new drug sales initiative. *See* The White House, Fact Sheet: President Donald J. Trump Announces Major Developments in Bringing Most-Favored-Nation Pricing to American Patients (Nov. 6, 2025) (stating that the Eli Lilly deal was explicitly tied to prices for drugs on the government-run "TrumpRx" website).

13.     Because Defendants have already had months to search for the records responsive to Plaintiff's FOIA requests and have failed to justify their proposed delay, Plaintiff respectfully requests that the Court adopt its proposed schedule.

Dated: March 16, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____ /s/ *Bisola Oni* _____
        BISOLA ONI
        D.C. Bar #90006216
        Assistant United States Attorney
        601 D St NW
        Washington, DC 20530
        (202) 252-0872
        Bisola.oni@usdoj.gov

*Attorneys for the United States of America*


/s/ *Zachary R. Shelley*
Zachary R. Shelley (DC Bar No. 90021549)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7713
zshelley@citizen.org

*Counsel for Plaintiff*

- 4 -